# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

| UNITED STATES OF AMERICA | PLAINTIFF |
|---|---|
| v. | No. 4:19-cr-135-DPM |
| ARTEZ WRIGHT | DEFENDANT |

## ORDER

**1.** Wright moves to suppress evidence from two searches and his post-arrest statements. The parties dispute some facts at the margin; but the facts critical to the Court's decision appear uncontested. No hearing is needed. *United States v. Stevenson*, 727 F.3d 826, 830 (8th Cir. 2013).

**2.** In April 2018, North Little Rock officers saw Wright pull into a parking lot and go into a store. A records check revealed Wright's driver's license was suspended. When the officers approached, Wright fled. Officers caught up to Wright a couple of blocks away and arrested him. They claim that, after they took him into custody, Wright spontaneously admitted that he'd run because he had drugs and a gun in the car. Wright denies making this statement. Wright's car was still parked in the parking lot with the door open. An officer smelled marijuana and searched the car, revealing the evidence on which Counts 1–3 of the Superseding Indictment are based.

In June 2018, Wright was parked in a parking space at his mother's house with the car door open. There was a warrant for his arrest, and officers approached and arrested him. An officer saw a bag of marijuana in the cupholder and searched the car, revealing the drugs underlying Count 4 of the Superseding Indictment.

**3.** The April 2018 search was lawful. The United States disclaims any reliance on exigent circumstances or a search incident to arrest. Instead, it says the search was justified by the plain smell of marijuana. Wright's sole attack here is that, in an era of increasing decriminalization, the smell of marijuana should no longer amount to probable cause. As he recognizes, though, that argument is foreclosed by binding Circuit precedent. *United States v. Winters*, 221 F.3d 1039, 1042 (8th Cir. 2000).

Wright also seeks to suppress the allegedly spontaneous statement that he fled because he had a gun and drugs. But Wright stops short of claiming that the officers questioned him in violation of *Miranda*. Instead, he says he never made the statement. That is a fact issue for the jury.

**4.** Similarly, marijuana in plain view provided probable cause for the June 2018 search. Wright doesn't dispute that officers had a valid warrant for his arrest that allowed them to be on the property. *United States v. Bennett*, 972 F.3d 966, 972–73 (8th Cir. 2020). And he doesn't

dispute that, through his open car door, they saw marijuana in the cupholder. That's sufficient.

Wright made statements after his June 2018 arrest. He notes that he never signed a *Miranda* waiver and that the incident report makes no mention of *Miranda* warnings. But Wright stops short of alleging that he wasn't actually Mirandized. His motion to suppress these statements therefore fails.

* * *

Wright's motion to suppress, *Doc. 57*, is denied.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

22 June 2021